**UNITED STATES of America, Plaintiff,**

v.

**CERTAIN REAL PROPERTY COMMONLY KNOWN AS 21105 116TH STREET, BRISTOL, WISCONSIN, and Certain Real Property commonly known as A Parcel of Vacant Land Identified as Lot 16, 212th Avenue, Bristol, Wisconsin, Defendants.**

Case No. 09–C–1016.

United States District Court, E.D. Wisconsin.

Feb. 24, 2012.

962

Scott J. Campbell, United States Department of Justice, Milwaukee, WI, for United States of America.

## *DECISION AND ORDER*

PATRICIA J. GORENCE, United States Magistrate Judge.

On October 28, 2009, the United States of America filed a Verified Complaint for Civil Forfeiture *in rem,* alleging that the defendant properties—certain real properties commonly known as 21105 116th Street, Bristol, Wisconsin and a parcel of vacant land identified as Lot 16, 212th Avenue. Bristol, Wisconsin—were subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6). Specifically, the verified complaint states that these properties are subject to forfeiture because they were used or intended to be used in exchange for controlled substances, or represent proceeds of trafficking in controlled substances, or were used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq.*

The United States filed an amended motion to strike the claim of Janina Panszczyk (claimant) and for entry of default and default judgment as to each of the defendant properties on October 12, 2011. (Docket # 61). The United States' motion

is filed pursuant to Rule 55 of the Federal Rules of Civil Procedure, 18 U.S.C. § 983(a)(4)(A) and Rule G(8)(c) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Ms. Panszczyk opposes the motion which will be addressed herein.

At the outset, the court notes that the United States has limited the relief it seeks in this case to Ms. Panszczyk's property interest in the vacant parcel identified as Lot 16, 212th Avenue. (United States' Reply Brief in Support of its Amended Motion to Strike [United States' Reply Brief] at 2, n. 2). The United States asserts that because Ms. Panszczyk has failed to make payments on the mortgage loan on the 116th Street property, the equity in the property is so low that it intends to allow the bank's foreclosure action on the property to proceed. Therefore, the United States is seeking default judgment only on the defendant vacant parcel located at 212th Avenue.

A brief review of the history of this case is helpful to a resolution of the pending motion. After the verified complaint was filed, on November 24, 2009, the United States filed a Notice of the Complaint for Civil Forfeiture of Property and served it and the verified complaint by certified mail on the known claimants, including Ms. Panszczyk. The documents served on the claimants "notified them that interested parties must file a claim to the defendant properties within 35 days of the November 24 notice of the complaint. The materials also notified them that "an answer to the complaint must be filed within 21 days after filing the claim." (United States' Amended Motion to Strike the Claim of Janina Panszczyk and For Entry of Default Judgment [Motion to Strike Claim] ¶ 2). On December 10, 2009, the United States Marshal's Service posted notice of the forfeiture action for civil forfeiture on the defendant properties.

On December 30, 2009, Ms. Panszczyk filed a Verified Claim averring that she was aware of the verified complaint and that she has an ownership interest in both properties. She filed her answer to the verified complaint on January 27, 2010. Thus, the answer was not filed within 21 days of the filing of the claim. *See* Rule G(5). The government maintains that the answer was not timely filed. However, Ms. Panszczyk asserts that "by mutual agreement of the parties," she filed her answer to the verified complaint. (Claimant Janina Panszczyk Response to Plaintiff's Amended Motion to Strike Her Claim [Claimant Panszczyk's Response] at 2).[1]

On October 14, 2010, the United States filed a Motion to Amend/Correct the Verified Complaint. The court granted the motion on November 16, 2010, 2010 WL 4782774, and the amended complaint was electronically filed the same day. According to counsel for the United States, he sent a letter dated April 27, 2011, to claimant's counsel, advising, among other matters, that Ms. Panszczyk had failed to file an answer to the amended complaint. Ms. Panszczyk's counsel acknowledged receipt of the April 27, 2011, letter and said he was forwarding the letter and attachment to his client. (May 11, 2011, Letter from Ms. Panszczyk's counsel to counsel for the United States). (Docket # 68–3).

On October 12, 2011, the United States applied to the Clerk of Court for entry of default and also filed its motion to strike Ms. Panszczyk's claim. On November 21, 2011, Ms. Panszczyk filed her response to the motion, a proposed answer to the

---

1. The United States does not challenge the timing of the claimant's original answer, but instead, focuses its argument on the claimant's failure to timely answer the amended complaint. The court will do likewise.

amended complaint and a letter motion requesting an extension of time for file her answer.

Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides: "A claimant must serve and file an answer to the complaint or motion under Rule 12 within 21 days after filing the claim."

■ Rule 55(a) of the Federal Rules of Civil Procedure states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Relief from entry of a default requested prior to judgment is governed by Fed.R.Civ.P. 55(c). "In order to vacate an entry for default judgment, the moving party must show (1) good cause for default; (2) quick action to correct it; and (3) a meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.1994). If the claimant cannot show all three requirements, then the default will stand. See *Id.* at 46; *Orthoarm, Inc. v. American Orthodontics Corp.*, 2007 WL 172612 (E.D.Wis.2007). Defaults are no longer disfavored in this circuit. *Orthoarm, Inc.*, 2007 WL 172612, *2 (citing *O'Brien v. R.J. O'Brien & Assoc., Inc.*, 998 F.2d 1394, 1401 [7th Cir.1993] ).

■ The amended complaint was filed on November 16, 2010. It was not until a year later, November 21, 2011, that Ms. Panszczyk requested leave to file her answer to the amended complaint. By this time, the United States had sought entry of default as to this claimant. Ms. Panszczyk failed to file a timely answer to the amended complaint.

■ Ms. Panszczyk maintains that the court should grant her leave to file the amended complaint because such action

will not prejudice the government, but she will be substantially prejudiced if her claim is dismissed. In addition, she states that her verified claim put the government on notice of her interest in the defendant properties and that she filed a timely answer to the original complaint. She further cites Fed.R.Civ.P. 6 which provides: "When an act may or must be done with a specified time, the Court may, for good cause, extend the time period." She also points out that the United States was granted leave to file an amended complaint 13 months after it filed its original verified complaint and now seeks to bar her from filing an amended answer. She cites *U.S. v. Real Property located at Layton, Utah*, 2010 WL 2787859 (D.Utah) in support of her position.

■ At the time the United States was granted leave to amend the complaint, discovery was still ongoing. Therefore, the court concluded that the amendment would not unduly prejudice the claimant. Now, however, the discovery deadline has long since passed. The case has been pending for almost 28 months and is ready for final resolution. Even if the court considered Ms. Panszczyk's claim that a portion of the funds used to purchase the property at issue was contributed by her mother-in-law, who is not alleged to be involved in the illegal activity, the claimant has failed to show good cause for the default as required by controlling Seventh Circuit case law. See *Pretzel & Stouffer*, 28 F.3d at 45. She also has provided no explanation for her lengthy delay in moving for leave to file her answer. Thus, Ms. Panszczyk has failed to satisfy all three requirements to vacate an entry for default. Accordingly, the United States' motion to strike the claim of Ms. Panszczyk and for entry of default and default judgment will be granted.

### ORDER

**NOW, THEREFORE, IT IS OR-DERED** that the United States' motion to strike the claim of Janina Panszczyk and for entry of default and default judgment be and hereby is **granted.** (Docket # 61).

**IT ALSO ORDERED** that the Clerk of Court shall enter default judgment accordingly.